IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMI ENTERTAINMENT NETWORK, INC.<br>155 Rittenhouse Circle<br>Bristol, Pennsylvania 19007 | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | Civil Action No. |
| A&E TELEVISION NETWORKS, LLC<br>235 E 45th Street<br>New York, NY 10017 | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, AMI Entertainment Network, Inc. brings this Complaint for trademark infringement Unfair Competition and Dilution against Defendant A&E Television Networks, LLC, as outlined below.

## THE PARTIES

1.      Plaintiff AMI Entertainment Network, Inc. ("PHOTO HUNT") is a Pennsylvania Corporation with its principal place of business at 155 Rittenhouse Circle, Bristol, Pennsylvania 19007.

2.      Upon information and belief, Defendant A&E Television Networks, LLC ("A&E") is a New York Limited Liability Company with its principal place of business at 235 E. 45th Street, New York, NY 10017.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Counts I through III of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the present case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended, as is described hereinafter more fully.

4. All other claims asserted in this action arise out of the same transactions or occurrences, so that this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

5. Upon information and belief, Defendant is subject to the jurisdiction of this Court.

6. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Defendant has been and is now promoting and providing an online game under the mark and name which is the subject of this action, *i.e.*, "PHOTO HUNT."

8. Upon information and belief, Defendant has committed acts of deliberate and intentional trademark infringement, unfair competition, and trademark dilution, *inter alia*, as fully described below, in this District and elsewhere.

## FACTS

9. AMI has used "PHOTO HUNT" as a mark and name and as a component of marks for its computerized video table games and/or downloadable electronic games via the internet directed to finding items in photographs, fully described below.

10. On June 8, 1998, Merit Acquisition Corp. applied for registration of its trademark in connection with coin-operated video output game machines. Merit Acquisition Corp. later

changed its name to Merit Industries, Inc. in 1998. Merit Industries, Inc. then later changed its name to AMI Entertainment Network, Inc. in 2009.

11. AMI's application was accepted and a Certificate of Registration, number 2,308,666 was issued on January 18, 2000, and covers all of the goods identified above. A copy of the registration is attached hereto as Exhibit A.

12. AMI is the assignee and owner of Registration No. 2,308,666.

13. Registration No. 2,308,666 is valid, subsisting and incontestable.

14. AMI has continuously used "PHOTO HUNT" as a mark for its goods since at least as early as 1997.

15. "PHOTO HUNT," as a mark and component of marks, is inherently distinctive, as "PHOTO HUNT" is not descriptive or generic as used in connection with the goods of AMI.

16. By virtue of the long-standing, continuous and substantially exclusive use in commerce of the "PHOTO HUNT" mark by AMI in connection with its goods and the commercial success of the goods offered under the mark, the "PHOTO HUNT" mark has come to have significance in the minds of the general public as an indicator of goods and services originating with, sponsored by, or otherwise associated with AMI, and no other entity.

17. AMI's Registration No. 2,308,666, was issued prior to Defendant's infringing acts.

18. AMI has advertised, marketed and sold and continues to advertise, market and sell its goods under the "PHOTO HUNT" mark to the general public.

19. The "PHOTO HUNT" mark is a famous mark.

20. Long after AMI's use in commerce of "PHOTO HUNT" as a mark, Defendant, without the authorization of AMI, began using "PHOTO HUNT" as a mark and name in connection with an electronic game directed to finding items in photographs. Specifically, Defendant owns and/or operates a website (http://www.aetv.com/the-sopranos/photo-hunt-game/) offering a game entitled "Sopranos Photo Hunt" and using the "PHOTO HUNT" mark. *See* Exhibit B hereto.

21. Defendant's use of the "PHOTO HUNT" mark and name has resulted in and/or is likely to result in actual confusion among the public, such that persons have mistakenly believed or will likely mistakenly believe that Defendant was associated or affiliated with AMI based upon Defendant's prominent use of the "PHOTO HUNT" trademark.

22. AMI has repeatedly attempted to contact Defendant through its counsel to try and resolve this dispute, but Defendant has refused to respond or voluntarily cease its use of the "PHOTO HUNT" mark and name.

23. Defendant continues to use the infringing mark, despite being made aware of AMI's claims.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1051 *et. seq.*)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Defendant, with full knowledge of AMI's trademark rights, misappropriated AMI's famous "PHOTO HUNT" mark to trade on the substantial goodwill that AMI has enjoyed and continues to enjoy in its "PHOTO HUNT" mark.

26. AMI's "PHOTO HUNT" mark and Defendant's "Sopranos Photo Hunt" name share the dominant phrase "PHOTO HUNT" and the mark and name are substantially identical in sound, meaning and connotation, and are substantially identical in overall commercial impression. The descriptive verbal matter "Sopranos" in Defendant's name does not distinguish the name from AMI's "PHOTO HUNT" mark.

27. Upon information and belief, the game that is marketed and offered by Defendant using the "PHOTO HUNT" mark is such as it would be advertised through the same and similar channels of trade as are AMI's goods offered under the "PHOTO HUNT" mark.

28. Upon information and belief, the parties' respective goods are promoted and provided under the mark at issue to the same classes of purchasers.

29. Defendant's activities in connection with the game using the "PHOTO HUNT" mark are likely to cause confusion, mistake and deception among customers, potential customers and the relevant public as to the source or sponsorship of their goods and/or their affiliation with AMI, causing harm to AMI's business, reputation and goodwill.

30. AMI has not consented directly or indirectly to Defendant's use of "PHOTO HUNT" as a mark or component of a mark in connection with games.

31. Defendant's unlawful conduct constitutes willful and intentional infringement of AMI's registered "PHOTO HUNT" mark, and has commenced and continued in spite of Defendant's actual and constructive knowledge of AMI's use of the "PHOTO HUNT" mark and its federal trademark registration for the "PHOTO HUNT" mark and knowledge that Defendant's use of the "PHOTO HUNT" mark was and is in direct contravention of AMI's rights.

32. Defendant's unauthorized use of "PHOTO HUNT" constitutes infringement of AMI's registered mark, described above, in violation of the Lanham Act, 15 U.S.C. § 1051 *et*

5

*seq.*, as amended, to the substantial and irreparable injury of AMI's business, reputation and goodwill.

33.     AMI has no adequate remedy at law. Defendant's unlawful conduct has caused and, if not enjoined, will continue to cause irreparable damage to AMI's rights in its mark and in its business, reputation and goodwill. AMI's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## COUNT II
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a)

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.     AMI has used "PHOTO HUNT" as a distinctive trade name and as a distinctive component of various marks containing the "PHOTO HUNT" mark continuously in commerce in connection with AMI's goods since at least as early as 1997.

36.     AMI's "PHOTO HUNT" mark and name are inherently distinctive.

37.     By virtue of extensive sales in commerce under the "PHOTO HUNT" mark and name in the United States for its various goods, the relevant trade and public have come to associate AMI's goods under the "PHOTO HUNT" mark and name with AMI and with AMI alone, thereby creating a valuable reputation for such goods.

38.     By virtue of the commercial success of the goods provided under the "PHOTO HUNT" mark and name, such mark and name have come to have significance in the minds of the relevant trade and purchasing public as an indicator of goods originating with, affiliated with, sponsored by, or otherwise associated with AMI, since long before the Defendant's acts complained of herein.

39. Defendant uses the "PHOTO HUNT" mark in commerce in connection with an electronic game directed to finding items in photographs that it offers through an internet website.

40. Upon information and belief, Defendant has adopted and used "Sopranos Photo Hunt," a name confusingly similar to the "PHOTO HUNT" mark and name, to trade deliberately on AMI's goodwill and reputation, to AMI's detriment.

41. Defendant has deliberately used the "PHOTO HUNT" mark to mislead customers, clients and potential customers and clients into believing that Defendant's goods are the goods of AMI, or goods authorized or affiliated with AMI, or goods sponsored by AMI, when they are not.

42. Defendant's use of the "PHOTO HUNT" mark in connection with an electronic game directed to finding items in photographs has caused and is likely to continue to cause confusion, mistake and deception among purchasers and potential purchasers and those in the relevant trade, causing great harm to AMI's reputation and goodwill.

43. AMI exercises and can exercise no control over the nature and quality of the goods provided or offered by Defendant using the "PHOTO HUNT" mark.

44. Defendant's actions are likely to confuse, mislead and/or deceive the relevant public as to the origin or sponsorship of Defendant's goods, or as to the affiliation between the parties, in violation of 15 U.S.C. § 1125(a).

45. AMI has no adequate remedy at law. Defendant's unlawful conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of AMI in its "PHOTO HUNT" mark and name and in its business, reputation and goodwill. AMI's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## COUNT III
## <u>FEDERAL TRADEMARK DILUTION - 15 U.S.C. § 1125(c)(1)</u>

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. AMI's "PHOTO HUNT" mark is a famous mark.

48. Upon information and belief, "PHOTO HUNT" became a famous mark long prior to Defendant's first use in commerce of the name "Sopranos Photo Hunt."

49. Use of the "PHOTO HUNT" mark by Defendant in the manner complained of herein diminishes and dilutes the distinctive quality of AMI's "PHOTO HUNT" mark.

50. Use of the "PHOTO HUNT" mark by Defendant in the manner complained of herein erodes and diminishes the goodwill AMI has long enjoyed in its "PHOTO HUNT" mark and goods, and such use will continue to do so, if not enjoined.

51. Use of the "PHOTO HUNT" mark by Defendant has tarnished the reputation and injured the goodwill AMI has established in its "PHOTO HUNT" mark.

52. Defendant's unlawful conduct, as described herein and in the preceding paragraphs of this Complaint, has diluted and will likely continue to dilute the distinctive quality of AMI's "PHOTO HUNT" mark, and has tarnished and is likely to continue to tarnish the reputation of AMI's "PHOTO HUNT" mark, causing irreparable damage to AMI in violation of 15 U.S.C. § 1125(c).

53. AMI has no adequate remedy at law. Defendant's unlawful conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of AMI in its "PHOTO HUNT" mark and to its business, reputation and goodwill. AMI's damages from Defendant's deliberate and willful unlawful actions are not yet determined.

## COUNT IV
### INJURY TO BUSINESS OR REPUTATION AND DILUTION UNDER 54 PA. C.S. § 1124

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Due to AMI's prominent use and promotion of the inherently distinctive "PHOTO HUNT" mark in Pennsylvania and elsewhere, the mark has become well-known and famous in Pennsylvania and acquired such fame well before Defendant's unauthorized use of the "PHOTO HUNT" mark began.

56. Defendant's use of the "PHOTO HUNT" mark constitutes commercial use of a mark or name which dilutes the distinctive quality of AMI's famous mark "PHOTO HUNT" in violation of 54 Pa. C.S. § 1124.

57. Defendant's unlawful conduct has caused and, if not enjoined, will continue to cause, irreparable damage to AMI's rights in the "PHOTO HUNT" mark and to the business, reputation and goodwill associated therewith. AMI's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## COUNT V
### PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Defendant has adopted and used the "PHOTO HUNT" mark with full knowledge of AMI's "PHOTO HUNT" mark without AMI's authorization with the intention of deceiving and misleading the public and/or trading upon AMI's good will associated with its marks. Defendant has misled and/or is likely to mislead the unsuspecting public into assuming that a

connection exists between AMI and Defendant. Defendant's actions therefore constitute unfair competition.

60.     Defendant's aforesaid unlawful acts have damaged, and, unless enjoined, will continue to damage AMI's valuable "PHOTO HUNT" mark, causing irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief as may be recoverable for the foregoing offenses, including:

(a)     a preliminary and permanent injunction enjoining Defendant and all those in active concert or participation with it, from:

(1)     using in any manner whatsoever "PHOTO HUNT" and any other reproduction or colorable imitation of AMI's "PHOTO HUNT" mark;

(2)     using "PHOTO HUNT" and any other reproduction or colorable imitation of AMI's "PHOTO HUNT" mark in any manner likely to cause confusion, to cause mistake or to deceive the relevant trade and public;

(3)     committing any acts calculated to cause consumers to believe that Defendant's goods are AMI's goods, licensed by or authorized by AMI, unless they are such; and

(4)     using "PHOTO HUNT" and any other reproduction or colorable imitation of AMI's registered "PHOTO HUNT" mark in any manner likely to dilute the distinctiveness of such marks or tarnish such mark;

(b)     an award of damages to compensate that AMI Defendant's infringement of its "PHOTO HUNT" mark and unfair competition, and to account for and pay to AMI all gains, profits and advantages derived by Defendant from its infringement and unfair competition;

(c) a judgment for AMI for an enhanced award of profits and such damages together with prejudgment interest in consequence of Defendant's unfair competition and willful infringement and willful dilution;

(d) that Defendant be required to remove all references to "PHOTO HUNT" from any of its websites and/or from any printed materials that bear "PHOTO HUNT" as a mark or name or component of a mark or name, or any other colorable imitation of AMI's "PHOTO HUNT" mark;

(e) that AMI be awarded its reasonable attorney's fees and costs in this action; and

(f) that AMI have such other and further relief as the Court may deem equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: March 31, 2010

By /s/ John D. Simmons
John D. Simmons (PA ID No. 202405)
Ronald L. Panitch (PA ID No. 04782)
Laura A. Genovese (PA ID No. 57477)
PANITCH SCHWARZE BELISARIO & NADEL L.L.P.
One Commerce Square
2005 Market Street - Suite 2200
Philadelphia, PA 19103-7086
Telephone: (215) 965-1330
Direct Dial: (215) 965-1268
Facsimile: (215) 965-1331
E-Mail: jsimmons@panitchlaw.com

*Attorneys for Plaintiff*
AMI Entertainment Network, Inc.

# EXHIBIT A

Int. Cl.: **28**

Prior U.S. Cls.: **22, 23, 38 and 50**

Reg. No. 2,308,666

United States Patent and Trademark Office

Registered Jan. 18, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## PHOTO HUNT

MERIT ACQUISITION CORP. (DELAWARE CORPORATION)
C/O THE RIVERSIDE COMAPNY, ROCKEFELLER CENTER
630 5TH AVENUE
NEW YORK, NY 10111 , BY CHANGE OF NAME; BY ASSIGNMENT MERIT INDUSTRIES, INC. (DELAWARE CORPORATION) BENSALEM, PA 19020

FOR: COIN-OPERATED VIDEO OUTPUT GAME MACHINES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 6-17-1997; IN COMMERCE 6-17-1997.

SER. NO. 75-497,882, FILED 6-8-1998.

ROBERT COGGINS, EXAMINING ATTORNEY

# EXHIBIT B

NEWSLETTERS  I  BOOKMARK THIS PAGE  I  RSS

SEARCH AETV.COM

SHOWS   SCHEDULE   VIDEO   GAMES   NEWS   COMMUNITY   SHOP

HOME   ABOUT   VIDEO   EPISODE GUIDE   THE FAMILY   PHOTOS   GAMES   DISCUSS   SHOP







NEXT ON: The Sopranos

24 - House Arrest
Monday, Feb. 8 @2:00pm

Full Schedule

SHOPAETV.COM

Shop Sopranos DVDs, T-Shirts, & More!

Only at the A&E Shop.

Shop Now

FACEBOOK

A&E Television Network on Facebook

EMAIL UPDATES

Get the scoop on all things A&E. Sign up for AETV.com Updates to get all of the latest news on your favorite A&E shows.

ALSO ON AETV.COM

The Beast



Get background on **The Sopranos family tree**.



**Learn mob lingo** and impress your friends.



Place your bets, then test your luck on **our games**.



